[Civ. No. 12977. Third Dist. Aug. 19, 1971.]

MAXWELL WILLENS, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
JOSEPH BAKER, as District Attorney, etc., et al., Real Parties in Interest.

[Civ. No. 12975. Third Dist. Aug. 19, 1971.]

ALBERT WEISINGER, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
JOSEPH BAKER, as District Attorney, etc., et al., Real Parties in Interest.

(Consolidated Cases.)

## COUNSEL

Chargin & Briscoe for Petitioner in Civ. No. 12977.

Richard E. Johnson for Petitioner in Civ. No. 12975.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Daniel J. Kremer and Eddie T. Keller, Deputy Attorneys General, for Real Parties in Interest.

## OPINION

**BRAY, J.***—Petitioners, raising identically the same questions separately, petition for writs of prohibition and mandate to direct the San Joaquin County Superior Court to halt proceedings in connection with indictment No. 21872 pending against them in said superior court.

Alternative writs of mandate were issued directing the dismissal of count II of said indictment within 10 days or for respondent to show cause why the count should not be dismissed. Relief was denied as to all other counts of the indictment. Respondent declined to dismiss count II and filed a return.

### SOLE QUESTION PRESENTED

Were petitioners indicted in count II without reasonable and probable cause?

### RECORD

On December 8, 1970, petitioners were charged in count II with violation of section 93 of the Penal Code (judicial officer asking, receiving or agreeing to receive a bribe) in that on or about February 1, 1968, in San Joaquin County, they asked, agreed to receive and received a bribe from Edwin Arioto in the sum of $1,000 upon the agreement and understanding that the opinion and decision of petitioner Willens (then a judge of the

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

superior court) would be influenced in the case of Slakey Brothers of Stockton, Inc. v. Arioto, then pending before him.[1] Demurrers to the indictment and motions to dismiss under section 995 were made by petitioners and denied by the trial court.

## EVIDENCE

The only direct evidence to support the count II charge is the testimony of Arioto, the defendant in the Slakey case. He testified that that case which was pending before Judge Willens was an important case to him. Arioto had dealt with petitioner Weisinger on a previous occasion and was aware of the fact that Weisinger at least purported to be a "fixer." During or shortly after the trial in the Slakey Brothers case, Arioto's attorney informed him that the case "didn't look too good." Arioto proceeded to contact Weisinger to have the case fixed. Weisinger wanted to know who the judge was, and Arioto told him that it was petitioner Willens. Weisinger said he would see what he could do. The following day Weisinger indicated that he had somehow gained access to the case record and told Arioto that the case looked tough, but that he (Weisinger) could "fix" the case for $1,000. Subsequently, Arioto gave the $1,000 to Weisinger. When he gave Weisinger the money, Weisinger said something to the effect that "Everything is taken care of." The outcome of the Slakey Brothers case was favorable to Arioto.

▮ Probable cause to indict a defendant is shown "if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. [Citation.] An indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.]" (*Bompensiero* v. *Superior Court* (1955) 44 Cal.2d 178, 183-184 [281 P.2d 250].) The "rational ground" must be based upon legal, competent evidence. (*People* v. *Crosby* (1962) 58 Cal.2d 713, 719 [25 Cal.Rptr. 847, 375 P.2d 839].)

The testimony offered by Mr. Arioto gives rise to the inference that Weisinger claimed some influence with Judge Willens and that Weisinger was willing to use this influence to "fix" Arioto's case for a fee. However, just because Weisinger talked to Arioto about committing bribery is not sufficient to give rise to an inference that Judge Willens was asking, receiving or agreeing to receive a bribe. If it cannot be inferred that Judge Willens agreed that his decision in the Slakey Brothers case would be influ-

---

[1]Indictment No. 21872 was preceded by indictments No. 21347 and No. 21348, containing several counts of bribery and grand theft. After various proceedings these indictments were dismissed. Indictment No. 21872 contained eight counts.

enced by the bribe received by Weisinger, then an important element in the crime of receiving bribes by judicial officers would be lacking. (Pen. Code, § 93.) Without Judge Willens being involved, receiving a bribe *by a judicial officer* under Penal Code section 93 could not be charged against Weisinger who is not such an officer.

Merely because Arioto's attorney thought that the case was difficult, if he did, and Weisinger said it looked tough but he could fix it for $1,000 (even assuming that the case was a tough one) does not necessarily raise an inference that the judge did not decide the case on its merits. Many a tough case has been won without bribing the judge. ■ The testimony of Arioto as to the statement of the attorney was admissible to show that Arioto believed himself in trouble and had to resort to bribery to win his case, but was not admissible to prove the truth of the matter asserted. (See *Rogers* v. *Superior Court* (1955) 46 Cal.2d 3, 9 [291 P.2d 929].) Nor was Weisinger's statement that the case looked tough admissible to prove the fact as that fact would not be within the general knowledge of a layman.

■ The evidence clearly establishes that Weisinger asked for, agreed to receive and received bribe money from Arioto with the understanding that Weisinger would act as the intermediary or agent to obtain a favorable result in the case. Since the trial was over but judgment had not been entered, only Willens was in a position to deliver what Weisinger had promised. However, as there is no direct evidence that Willens received any of the bribe money, unless there is evidence additional to Arioto's testimony, probable cause is not shown to hold either petitioner to answer under count II.

Respondent contends that since "[e]vidence of other crimes is admissible to prove a fact material to the case in chief such a motive, intent, guilty knowledge, or the presence of common scheme or plan, but not solely to prove criminal disposition" (*People* v. *Durham* (1969) 70 Cal.2d 171, 180-186 [74 Cal.Rptr. 262, 449 P.2d 198]), the evidence as to the other charges in the indictment can be considered in determining whether or not a reasonable inference can be drawn that Judge Willens' decision of the Arioto case was because of a bribe paid him by Weisinger.

■ The cases cited support this basic rule of evidence. However, they do not affirm the proposition that evidence that would support certain counts in an indictment can be used to cure otherwise fatally lacking elements in other counts of the same indictment. In other words, it cannot be said that because the evidence presented before the grand jury supports certain counts of conspiracy and bribery the petitioners can be indicted for crimes which the evidence does not support. Only by guesswork and con-

jecture could it be said that the evidence of the other charges indicates that there is "some rational ground for assuming the possibility" (*Bompensiero* v. *Superior Court, supra,* 44 Cal.2d at p. 183) that Weisinger passed on to Willens the money he received from Arioto.

■ As there is no evidence to support that necessary element of the crime charged, count II of the indictment must be held invalid. (*Roads* v. *Superior Court* (1969) 275 Cal.App.2d 593, 597 [80 Cal.Rptr. 169]; *Callan* v. *Superior Court* (1962) 204 Cal.App.2d 652, 662 [22 Cal.Rptr. 508].)

Let writs issue prohibiting trial of petitioners on count II of the indictment as prayed.

Regan, Acting P. J., and Janes, J., concurred.

A petition for a rehearing was denied September 8, 1971, and the petition of the respondent and the real parties in interest for a hearing by the Supreme Court was denied October 14, 1971.