[Civ. No. 14141. Third Dist. Oct. 29, 1973.]

MONETTE ANN BIRT, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Robert N. Chargin, Public Defender, and Ann Chargin, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and Joel Carey, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**JANES, J.**—Petitioner seeks a writ of prohibition after respondent superior court denied her motion to set aside an information charging her with burglary (Pen. Code, § 459).

 Here, as in the trial court, petitioner contends that she was committed by the magistrate without reasonable or probable cause (Pen. Code, §§ 995, 999a). The transcript of the preliminary examination shows that her contention is meritorious.

At about 9:30 p.m. on April 2, 1973, when Mr. Rodney McNutt arrived home in Stockton, he noticed that all the lights were on in his house, and that a Ryder rental van was parked beside it on the grass. Entering the house through a rear door, Mr. McNutt discovered that some of its contents were missing and some had been moved to the kitchen doorway.

Mr. McNutt heard the side doors of the van slam shut. He went outside, opened the driver's door, and looked for keys in the ignition. Finding no keys, he turned and started toward a neighbor's house to have the police notified. However, upon hearing the driver's door close behind him, Mr. McNutt went back to the van and opened the door again. This time he

saw two adult males in the back of the vehicle. The two men, whom Mr. McNutt could not identify, threw some of his stolen effects out at him and escaped through the side doors of the van on foot.

Later that night, when a sheriff's deputy examined the abandoned vehicle at the McNutt home, the officer removed a cigarette lighter from the passenger side of the front seat. One of petitioner's fingerprints was on the lighter. Other fingerprints—unidentified at the preliminary examination—were found inside the van on two cigarette packages, the rear-view mirror, and a drinking glass.

In reviewing the evidence which was before the committing magistrate, we of course exercise only limited powers. (*People* v. *Hall* (1971) 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664].) We nevertheless find it appalling that petitioner is being prosecuted on so scanty a record.

█ It is indisputable that the mere presence of petitioner's fingerprint on the lighter found in the van would be insufficient to support her *conviction* of the crime charged. (See, *People* v. *Flores* (1943) 58 Cal.App.2d 764 [137 P.2d 767]; Annot., 28 A.L.R.2d 1115, 1155-1157 (§ 30) (1953), and Later Case Service (1970 & 1973).) █ Notwithstanding that petitioner's guilt or innocence was not in issue on her section 995 motion (*People* v. *Hall, supra,* 3 Cal.3d at p. 996), the evidence was likewise insufficient to uphold her commitment by the magistrate.

"Although the prosecution is not put to proof beyond a reasonable doubt in order to establish reasonable and probable cause before the magistrate, nevertheless the burden is on the prosecution to produce evidence that there is a reasonable probability, enough to induce a strong suspicion in the mind of a man of ordinary caution or prudence, that a crime has been committed, and that defendant is guilty." (*Garabedian* v. *Superior Court* (1963) 59 Cal.2d 124, 126-127 [28 Cal.Rptr. 318, 378 P.2d 590].) The People's burden has also been described—somewhat inconsistently—in terms of their showing a rational "possibility" or "reasonable" suspicion that the defendant has participated in a public offense. (*People* v. *Hall, supra,* 3 Cal.3d at p. 996.)

█ Applying either test to the McNutt burglary (where there was no direct evidence of petitioner's involvement), the crucial inquiry is "whether the evidence presented at the preliminary examination discloses circumstances from which the magistrate might *reasonably have inferred* the existence of each element of the charged crime" (*Williams* v. *Superior Court* (1969) 71 Cal.2d 1144, 1148-1149 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761,

458 P.2d 987] (italics added)). ■■ Neither the trial court in a section 995 proceeding, nor an appellate court on review thereof, may substitute its judgment as to the weight of the evidence for that of the committing magistrate (*People* v. *Hall; supra,* 3 Cal.3d at p. 996); but it is the duty of all three tribunals to discard—as unreasonable—inferences which derive their substance from guesswork, speculation, or conjecture (*Willens* v. *Superior Court* (1971) 19 Cal.App.3d 356 [96 Cal.Rptr. 922]; *Malleck* v. *Superior Court* (1956) 142 Cal.App.2d 396 [298 P.2d 115]; *Bunker* v. *Superior Court* (1950) 96 Cal.App.2d 107 [214 P.2d 825]).

The cigarette lighter, bearing petitioner's fingerprint, was a readily movable object. The lighter itself was not shown to have been taken from the McNutt home. ■■ There was no evidence that petitioner's fingerprints were found either on the burglarized premises or on any of the stolen property. Other fingerprints—unidentified as to source—were discovered on various objects inside the van. The van itself was a rental vehicle available to the public. At most, the presence of petitioner's fingerprint on the lighter found on the front seat showed that, at some unknown time and place, she had been inside the van; but there was no direct or circumstantial evidence to indicate when and where that had been. Only by guesswork, speculation, or conjecture can it be inferred that petitioner was inside the van, or in the area, at the time of the McNutt burglary. (See generally, *People* v. *Amador* (1970) 8 Cal.App.3d 788 [87 Cal.Rptr. 662]; *People* v. *Reserva* (1969) 2 Cal.App.3d 151, 156 [82 Cal.Rptr. 333]; *People* v. *Kellett* (1969) 1 Cal.App.3d 704, 713 [81 Cal.Rptr. 917]; *People* v. *Corral* (1964) 224 Cal.App.2d 300, 305-306 [36 Cal.Rptr. 591]; *People* v. *Atwood* (1963) 223 Cal.App.2d 316, 326-327 [35 Cal.Rptr. 831]; *People* v. *Flores, supra,* 58 Cal.App.2d 764; Annot., 28 A.L.R.2d, *ubi cit. supra.*)

If probable cause is shown by the evidence at bench, we can only assume that the People could have charged any highway patrolman whose fingerprints might be found on a windowsill of the van, or the lessor and any prior lessee whose fingerprints might be inside the vehicle. The manifest injustice which inheres in such assumptions likewise characterizes the singling out of petitioner for prosecution.

Finally, we note one aspect of the record which the Attorney General—quite properly—does not urge upon us. In denying petitioner's motion, respondent court stated that it was not only relying upon the fingerprint identification but had also concluded that "there is evidence that he [Mr. McNutt] knew this defendant's face at the time he saw the people in the van." The court based its latter conclusion upon the fact that at the preliminary examination Mr. McNutt was asked, "Are you acquainted with

the defendant in this case?", and replied, "Yes, sir, I am." It is obvious that Mr. McNutt's testimony in this regard furnished no support whatever for the court's conclusion. The question was put to Mr. McNutt in the present tense; the preliminary examination took place six weeks after the burglary; and Mr. McNutt expressly testified that the two persons he saw in the van were adult *males,* and that he could not identify either one of them.

Let the peremptory writ issue.

Richardson, P. J., and Pierce, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.