[Crim. No. 16152. Fourth Dist., Div. Two. Mar. 12, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS JEROME SPLAWN, Defendant and Appellant.

COUNSEL

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jay M. Bloom and Frederick R. Miller, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—A jury found defendant guilty of the charge of disposing of insured property with intent to defraud an insurance company. (Pen. Code, § 548.)[1] He was granted two years' probation on condition he serve 30 days in San Bernardino County jail. On appeal he contends: (1) the evidence was insufficient to support his conviction; and (2) the trial court failed fully to instruct the jury.

STATEMENT OF FACTS

Michael Velarde, a "special employee" working undercover for the San Bernardino Sheriff's Department, received a telephone call from a man who called himself "Dennis." The call was in response to a contrived newspaper ad placed by the sheriff's department soliciting buy-sell transactions. The man making the call, the defendant, said he wanted to sell his Camaro Z28, report it stolen, and receive the insurance proceeds. He added that he could not afford the car payments. Velarde met the defendant in a grocery store parking lot that afternoon. Velarde was equipped with a miniature microphone and radio transmitter which was monitored and recorded by a police vehicle nearby. He offered $900 for the car and defendant agreed to sell it the next morning. An extra set of keys was made so that the car would not have to be broken into in order for Velarde to gain entry to it while "stealing" it.

The plan was to meet again in the grocery store parking lot, and then drive to the Central City Mall to complete the exchange. Defendant would then hand Velarde the extra set of keys and Velarde would give defendant

___

*Before Morris, P. J., McDaniel, J., and Kaufman, J.

[1]Penal Code section 548 provides that: "Every person who willfully injures, destroys, secretes, abandons, or *disposes of* any property which at the time is insured against loss or damage . . . with intent to defraud or prejudice the insurer . . . is punishable by imprisonment . . . ." (Italics added.)

the $900. After defendant exited the vehicle and went into the mall, Velarde was to drive the car to Covina, and leave a message for defendant to let him know the car was safe. Defendant would then report it stolen.

As planned, the two men met again the next morning. Before finalizing the transaction, they drove around for awhile, discussing the scheme. Defendant asked Velarde repeatedly if he was "the man." The $900 changed hands in the grocery store parking lot in lieu of at the mall. Velarde gave the cue word "Dynamite" and the arresting officers moved in. Defendant threw the money into the air.

Defendant testified that his reason for getting in touch with Velarde and having the several conversations with him was the hope of somehow getting information about some property allegedly taken during a burglary of defendant's residence some months before. In other words, the defense was that defendant's proposal to sell the car was just a ruse, that defendant never intended to go through with the sale of the car. Defendant, of course, admitted engaging in the tape recorded conversations with Velarde and the tapes themselves were played for the jury, but defendant denied the $900 was ever handed to him.

DISCUSSION

I

THE SUFFICIENCY OF EVIDENCE

■ Defendant contends the evidence is insufficient because he did not relinquish physical control of his car and therefore the crime was not complete. He says the crux of the appeal is the interpretation of the statutory language "disposes of" in Penal Code section 548 which he views as having required a physical transfer of control of the vehicle to Velarde. On the facts here, he sees no more than an *attempted* violation of section 548. We agree.

The parties have failed to cite case law or statutory history, and we have found none, defining the term "disposes of" as it appears in section 548. Consequently, this statutory term must be interpreted according to the "plain meaning rule." ■ "[W]here the principal problem of construction concerns the meaning of words used in the statute, we must look to the words themselves . . . ." (*People* ex rel *Younger* v. *Superior Court of Alameda County* (1976) 16 Cal.3d 30, 43 [127 Cal.Rptr. 122, 544 P.2d 1322]), and must interpret them "according to the usual, ordinary import of the language employed in framing them." (*In re Alpine* (1928) 203 Cal. 731,

737 [265 P. 947, 58 A.L.R. 1500].) ▆▆▆ "Disposes of" was part of a 1921 amendment to Penal Code section 548 which added "secretes, abandons, or disposes of" to "injures" and "destroys." These are words of common usage. It is clear that the Legislature's intent was that the overall scheme of section 548 be nontechnical. (See *People* v. *Teitelbaum* (1958) 163 Cal.App.2d 184, 212 [329 P.2d 157], cert. den., 359 U.S. 206, [3 L.Ed.2d 759, 79 S.Ct. 738]; 58 Cal.Jur.3d 471.)

A common definition of "dispose of" is to "(1) . . . arrange, settle. (2) To transfer or part with, as by giving or selling." (The American Heritage Dict. (1979) p. 380.)[2] Similarly, a portion of the definition in Black's Law Dictionary is "[t]o exercise finally, in any manner, one's power of control over; to pass into the control of someone else; to alienate, relinquish, part with, or get rid of; to put out of the way . . . ." (Black's Law Dict. (5th Ed. 1979) p. 423.)

From the foregoing definitions and by applying the plain meaning rule, we conclude that "disposes of" in Penal Code section 548 requires a definite change of control, and the facts show defendant did not dispose of the property within the meaning of Penal Code section 548 because he did not relinquish any control of the vehicle to Velarde. Although the $900 changed hands, the fact remains that neither the car keys nor the car changed from defendant's possession to Velarde's. Defendant was still seated behind the steering wheel of the vehicle when he was arrested. These facts indicate that defendant had not yet relinquished control of the vehicle, and, at most, had entered the parameters of an *attempt* to violate Penal Code section 548.

▆▆▆ The standard for determining the sufficiency of evidence in criminal cases on appeal is the substantial evidence rule: "[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; see *People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) ▆▆▆ The evidence here was insufficient to convict defendant of the offense as charged, but there was substantial evidence to show that defendant was guilty of an attempt to violate Penal Code section 548, as discussed in the next issue.

---

[2]For a similar definition, see *People* v. *Sidwell* (1945) 27 Cal.2d 121, 128 [162 P.2d 913].

## II

### JURY INSTRUCTIONS

██ Defendant contends the jury was not properly instructed as to the elements of the crime. This contention is partially correct. The trial court gave jury instructions outlining the three requisite elements of Penal Code section 548: (1) that a person intentionally disposed of certain property; (2) that the property was insured against loss or damage by theft; and (3) that such person disposed of the property with the specific intent to injure or defraud the company which insured the property. ██ The trial court had no *sua sponte* obligation to give examples of "disposal" because it is a nontechnical term. (*People* v. *Brucker* (1983) 148 Cal.App.3d 230, 239 [195 Cal.Rptr. 808].)

██ However, we find support for defendant's contention that the trial court was required *sua sponte* to give instructions on *attempted* disposal of insured property with intent to defraud as a lesser included offense. ██ An attempt requires the specific intent to commit a crime coupled with an act towards completion of that crime. (*People* v. *Gallegos* (1974) 39 Cal.App.3d 512, 515 [114 Cal.Rptr. 166].) ██ Attempt charges are not included in all criminal cases as a matter of routine procedure (*People* v. *Whalen* (1954) 124 Cal.App.2d 713 [269 P.2d 181]), however, the law is clear that the court must instruct *sua sponte* on lesser included offenses when the evidence raises the question as to whether all of the elements of the charged offense were present (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913]) or when the "lesser included offenses [are] 'closely and openly connected with the facts before the court, and . . . are necessary for the jury's understanding of the case.' [Citation.]" (*People* v. *Heffington* (1973) 32 Cal.App.3d 1, 10 [107 Cal.Rptr. 859]; see *People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) ██ The court must instruct the jury on all general principles of law pertinent to the issues raised by the evidence, even absent defendant's request. (*People* v. *Hood* (1969) 1 Cal.3d 444, 449 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Wade* (1959) 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116].) Even if a defendant's testimony seems incredible, it is no basis for refusal of an instruction based thereon. (*People* v. *Jeter* (1964) 60 Cal.2d 671, 674 [36 Cal.Rptr. 323, 388 P.2d 355]; *People* v. *Carmen* (1951) 36 Cal.2d 768, 772-773 [228 P.2d 281].)

██ Here, defendant testified that he did not actually receive the money from Velarde; nor did defendant relinquish control of the vehicle to Velarde. Consequently, although the defendant's testimony may appear to be

what the prosecutor characterized as "a fairy tale," evidence of an attempt rather than the completed crime was raised, requiring a jury instruction.

By limiting its instructions, the trial court imposed upon the jury the duty of either accepting the theory that defendant violated Penal Code section 548, or the theory that he did not commit any crime. Because the evidence presented could have shown that defendant was merely guilty of the lesser included offense of attempt, a proper jury instruction was required thereon. (*People* v. *Jeter, supra,* 60 Cal.2d 671, 674; *People* v. *Miller* (1962) 57 Cal.2d 821, 829-830 [22 Cal.Rptr. 465, 372 P.2d 297].)

The trial court erred by not giving, *sua sponte*, an instruction on attempted disposal of property with intent to defraud. Defendant's sentence must be modified accordingly.

## DISPOSITION

■ "A reviewing court's power to modify a trial court's judgment is statutory. [citation.]" (*People* v. *Romo* (1967) 256 Cal.App.2d 589, 596 [64 Cal.Rptr. 151]; see *People* v. *Fusaro* (1971) 18 Cal.App.3d 877, 894 [96 Cal.Rptr. 368].) Modification in criminal cases is authorized by Penal Code section 1260,[3] read in conjunction with Penal Code section 1181, subdivision 6.[4] The length of the sentence a defendant must serve for attempt is prescribed by Penal Code section 664, subdivision 1.[5] (See also *People* v. *McGaughran* (1961) 197 Cal.App.2d 6, 10 [17 Cal.Rptr. 121].)

The decision to reduce a conviction to an attempt is within the court's discretion (*People* v. *Freeman* (1979) 95 Cal.App.3d 917, 923 [157 Cal.Rptr. 454]) and the verdict may be modified without granting or ordering a new trial (*People* v. *Romo, supra,* 256 Cal.App.2d 589, 598). Further, an improper sentence may be corrected without reversing the trial court's decision. (*People* v. *McNett* (1926) 80 Cal.App. 81 [251 P. 688].)

---

[3]Penal Code section 1260 reads in part: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and . . . remand the cause to the trial court for such further proceedings as may be just under the circumstances."

[4]Penal Code section 1181, subdivision 6, reads: "When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed."

[5]Penal Code section 664, subdivision 1, reads in part: ". . . the person guilty of such attempt is punishable by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense so attempted . . . ."

This court is vested with the power under the foregoing statutes and case law to modify the order granting probation to reflect a conviction of attempt to violate Penal Code section 548. The justification for such modification is based on the fact that: (1) the jury rejected defendant's version of the incident and accepted the prosecution's version; (2) there was substantial evidence of an attempt to violate Penal Code section 548; and (3) instructions on attempt should have been given.

The judgment granting probation is modified to show the defendant guilty of the lesser included offense of *attempted* disposing of insured property with intent to defraud an insurance company in violation of Penal Code section 548.

In light of the modification, the defendant may wish further hearing on the terms of his probation. The trial court is directed, upon motion of defendant made within 30 days of the date the remittitur issues from this court, to conduct a new sentencing hearing. (See *People* v. *Hill* (1974) 12 Cal.3d 731 [117 Cal.Rptr. 393, 528 P.2d 1].) Should defendant not so move within the 30-day period, the order granting probation shall be final.

As modified, the judgment is affirmed.