[No. B179713. Second Dist., Div. Seven. Mar. 9, 2006.]

In re SYLVESTER C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SYLVESTER C., Defendant and Appellant.

COUNSEL

Nicole Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Richard T. Breen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**JOHNSON, J.**—Sylvester C. (the minor) appeals from the juvenile court's order continuing wardship and ordering him home on probation after findings he committed battery and made criminal threats. The minor contends there was insufficient evidence to support one finding of making a criminal threat. We agree but modify to reduce the conviction to attempted criminal threat.

## FACTS AND PROCEEDINGS BELOW

Parking attendant Mario Cerritos testified he intervened when he saw the minor and Yessenia R. involved in a physical altercation near a car in the parking lot. Cerritos told the minor he was going to call the police. The minor replied: "If you call the police, I am going to kick your ass." Cerritos told his assistant to make the call, after which the minor approached Cerritos and said: "If you call the police, I will kill you and I will kill everybody there, everybody, all the employees."

The minor got into his car and started to leave, but before driving away, he emerged from his car and approached attendant Hugo Mejia. While looking at Mejia, the minor said: "I am going to come and get you and I am going to kill you," which prompted Cerritos to step between them. Cerritos testified he was afraid for his life and believed the minor meant what he said. Officers arrived minutes later. Mejia did not testify at the hearing.

The minor did not testify in his defense. According to Yessenia R., the minor only grabbed her hands and did not threaten anyone. The minor only told Cerritos to "mind his own business."

The juvenile court found true the allegations the minor had committed battery against Yessenia R. and had made criminal threats against both Cerritos and Mejia, after finding Cerritos's testimony credible as opposed to

Yessenia R.'s testimony.[1] At disposition, the court ordered a previous order the minor be placed home on probation to remain in effect, subject to the same terms and conditions, with the additional order the minor complete anger management and domestic violence programs.[2]

## DISCUSSION

The minor contends the evidence is insufficient to support the finding he made a criminal threat against Mejia, who was not a witness at the adjudication.

■ The same standard of appellate review is applicable in considering the sufficiency of the evidence in a juvenile proceeding as in reviewing the sufficiency of the evidence to support a criminal conviction.[3] In either type of case, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.[4]

The following elements must be proved to show the making of a criminal threat. "(1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) *that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,'* and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances. [Citation.]"[5]

---

[1] The court granted the minor's motion to dismiss (Welf. & Inst. Code, § 701.1) the allegation he made criminal threats against a third parking attendant, Cerritos's assistant, whom the minor did not confront directly.

[2] The minor had a prior sustained petition for possession of a firearm by a minor and possession of less than an ounce of marijuana.

[3] *In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1404 [83 Cal.Rptr.2d 397]; *In re Jose R.* (1982) 137 Cal.App.3d 269, 275 [186 Cal.Rptr. 898].

[4] *People v. Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481]; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].

[5] *People v. Toledo* (2001) 26 Cal.4th 221, 227–228 [109 Cal.Rptr.2d 315, 26 P.3d 1051], italics added.

The delinquency petition alleged the minor made separate criminal threats against Cerritos and Mejia. However, Cerritos was the only victim to testify. Without Mejia's testimony, the minor argues, there is no evidence Mejia was actually in "sustained fear" from the minor's threats.[6] And, because the record is silent as to this subjective element of the offense, the prosecution failed to support a finding beyond a reasonable doubt the minor made criminal threats against Mejia. The People respond Cerritos's unobjected-to testimony, "everybody got scared," was sufficient to establish Mejia was placed in sustained fear. We disagree.

Cerritos testified "Everybody got scared because you never know what is going on" when the prosecutor asked whether Cerritos was scared by the minor's earlier threat to kill him, which did not involve Mejia. Defense counsel did not object, but the court immediately interrupted and questioned Cerritos as to whether he, "not we," was scared. Cerritos answered: "I was scared, yes."[7] While a percipient witness, like Cerritos, could conceivably testify to having observed a person targeted by another's criminal threat actually experienced sustained fear and, in so doing, supply sufficient evidence of the subjective element, this was not the case with Cerritos's testimony. His answer: "Everybody got scared" is not substantial evidence of Mejia's subjective fear for the very reasons it was inadmissible as being without foundation and therefore based on speculation or hearsay.[8] Indeed, by obtaining clarification as to whether Cerritos personally sustained fear, the court effectively struck Cerritos's objectionable answer.

While under the circumstances it is probable the minor's threats caused Mejia, like Cerritos, actually to suffer sustained fear that is not enough. "[R]easonableness [is] the ultimate standard under the substantial evidence rule. 'The appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.' . . . [Citation.] 'Evidence which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a

---

[6] *In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1140 [105 Cal.Rptr.2d 165].

[7] "PROSECUTOR: When the minor told you that he was going to kill you, was he clear?
"CERRITOS: Yes, very clear. [¶] . . . [¶]
"PROSECUTOR: Were you scared?
"CERRITOS: Everybody got scared because you never know what was going on.
"THE COURT: Mr. Cerritos, were you scared, sir?
"CERRITOS: Yes.
"THE COURT: Sorry. What is your answer?
"CERRITOS: Yes, we are scared.
"THE COURT: Not 'we.' Were you scared?
"CERRITOS: I was scared, yes."

[8] Evidence Code sections 702, 1200; see generally *Gherman v. Colburn* (1977) 72 Cal.App.3d 544, 582 [140 Cal.Rptr. 330].

conviction. Suspicion is not evidence, it merely raises a possibility, and this is not a sufficient basis for an inference of fact.' [Citation.]"[9]

▮ Although we find the evidence insufficient to prove appellant guilty of the crime of criminal threat, it was sufficient to prove him guilty of attempted criminal threat. All elements of the crime of criminal threat were established, except whether the victim Mejia actually experienced sustained fear upon hearing the threat. Proof of that element is essential to a conviction under the criminal threat statute. But absence of proof of that element does not defeat a conviction for attempted criminal threat. Indeed in *People v. Toledo* itself, the victim testified she was not placed in fear by her husband's several threats and threatening behavior. The jury evidently credited that statement because it found him guilty of the lesser offense of attempted criminal threat rather than the completed crime. Yet the California Supreme Court upheld the husband's conviction of the lesser included offense of attempted criminal threat.

. We recognize there is a difference between *People v. Toledo* and the case before this court. In *Toledo* the victim did testify and, if believed, supplied affirmative evidence the perpetrator's threats failed to arouse the sustained fear required for a criminal threat conviction. Accordingly the Supreme Court could readily find the elements of the charged crime of attempted criminal threat had been proved. "[I]f a defendant, again acting with the requisite intent, makes a sufficient threat that is received and understood by the threatened person, but, for whatever reason, the threat does not *actually* cause the threatened person to be in sustained fear for his or her safety even though, under the circumstances, that person reasonably could have been placed in such fear, the defendant properly may be found to have committed the offense of attempted criminal threat. In [this situation], only a fortuity, not intended by the defendant, has prevented the defendant from perpetrating the completed offense of criminal threat itself."[10]

In appellant's case, however, the "unintended fortuity," was *not proof* the victim experienced no fear but a *failure of proof* whether he did or did not. This failure of proof resulted largely from the absence of that victim from the trial and thus the absence of evidence from him about his state of mind upon hearing appellant utter his threat. Nor did the prosecution produce sufficient evidence from any other source regarding Mejia's actual state of mind on that occasion.

▮ A literal reading of the statutes defining the crime of attempt under California law might be construed to require *affirmative* proof beyond a

---

[9] *People v. Kunkin* (1973) 9 Cal.3d 245, 250 [107 Cal.Rptr. 184, 507 P.2d 1392].

[10] *People v. Toledo, supra*, 26 Cal.4th at page 231.

reasonable doubt the defendant *failed* in his effort to commit the intended completed crime. If so, the evidence before the trial court in this case would be insufficient to prove all the elements of an attempted criminal threat just as it falls short of proving all the elements of the completed crime of criminal threat. Section 664 lists the punishments for various attempted crimes after providing the following definition: "Every person who attempts to commit any crime, but *fails*, or is *prevented or intercepted* in its perpetration, . . ."[11] Similarly, section 21a, which defines the crime of attempt in the "Preliminary Provision" chapter of the Penal Code, states "[a]n attempt to commit a crime consists of *two elements*: a specific intent to commit the crime, and a direct *but ineffectual* act done toward its commission."[12]

Although it is a close enough question to require discussion,[13] we conclude the *failure to prove* the defendant succeeded is capable of supporting an attempted criminal threat conviction just as would *affirmative evidence* he failed to do so. True, the prosecution failed to prove beyond a reasonable doubt appellant's threat was *ineffectual* in arousing sustained fear in Mejia. Nor can it be said the prosecution succeeded in proving beyond a reasonable doubt appellant *failed* to complete or was *prevented* from completing the crime of criminal threat. Obviously, the prosecutor was not trying to prove appellant's failure but rather his success in instilling fear in the man he was threatening. So all the prosecution did in this instance was fail to prove appellant succeeded in completing this intended crime rather than affirmatively proving he was frustrated in his attempt to do so. Construing the attempt statute literally, the evidence here was insufficient to establish the

---

[11] Penal Code section 664, italics added.

[12] Penal Code section 21a, italics added. A federal court in California found an attempt consisted of three elements—an intent to commit a crime, commission of some overt act in furtherance of the intent, and a failure to consummate the crime. (*U. S. v. Baker* (C.D.Cal. 1955) 129 F.Supp. 684.)

[13] Because this issue was not discussed in the parties' briefs, we sent a letter vacating submission and requesting supplemental letter briefs. Although helpful in many respects, neither party referred this court to any decision directly addressing the problem considered in this opinion. They did, however, cite decisions bearing on the issue. Appellant mentioned *In re Ricky T., supra,* 87 Cal.App.4th 1132, in which the court found the evidence insufficient to prove the minor's statement caused the victim to experience sustained fear but did not reduce the offense to attempted criminal threat. (This was before the Supreme Court issued *People v. Toledo, supra,* 26 Cal.4th 221, however.) Respondent, in turn, cited *People v. Jones* (1999) 75 Cal.App.4th 616 [89 Cal.Rptr.2d 485], in which the court did reduce the offense to attempted carjacking after accepting the prosecution's concession there was insufficient evidence before the jury to convict the charged crime, kidnapping during the commission of carjacking. Respondent likewise relied on *People v. Vargas* (2002) 96 Cal.App.4th 456 [116 Cal.Rptr.2d 867], in which the court reduced a carjacking conviction to attempted carjacking. In neither of these opinions did the court discuss whether the lack of affirmative evidence of "failure" affected the appellate court's ability to reduce an unproven completed offense to an attempt to commit that same crime. In essence, these opinions assumed the issue that concerns this court in this case.

failure element of an attempt and, accordingly, it could be argued appellant would be innocent of an attempted criminal threat as well as of a completed criminal threat.

We conclude, however, it would be anomalous and contrary to the Legislature's obvious intent in punishing attempted crimes to completely absolve a defendant if the evidence falls just a bit short of proving he succeeded in completing his intended crime, while at the same time punishing other defendants when the evidence demonstrates they failed miserably. One who gets close and may or even probably (but not beyond a reasonable doubt) did succeed in achieving his criminal goal is at least as dangerous and worthy of punishment as one who is a demonstrable failure.

It would be absurd to construe the attempt statutes to produce such absurd results. And we refuse to do so. Rather we take a commonsense approach. In practical terms, there is no difference whether the failure element of an attempt crime is satisfied because the prosecution proves failure or because it fails to prove success in committing the completed crime. In this context, at least, it is a zero sum game—success and failure are opposites—success and nonsuccess. Whether the evidence proves the defendant failed or fails to prove his success, one element of the completed crime is missing. Yet, as they are in this case, the intent to commit that crime and all the acts necessary to constitute an attempt may be present. If so, the appellate court should be free to modify the judgment by reducing the conviction to an attempt.

We are greatly comforted in this construction of the statutes defining attempt by the California Supreme Court's description of the law of attempt in this state. "When a defendant acts with the requisite specific intent, that is, with the intent to engage in the conduct and/or bring about the consequences proscribed by the attempted crime [citation], and performs an act that 'goes beyond mere preparation and shows that the perpetrator is putting his or her plan into action' [citation], the defendant may be convicted of criminal attempt."[14] Missing from the Supreme Court's formulation is any requirement the prosecution affirmatively prove the act was "ineffectual" or the defendant "fail[ed], or [was] prevented or intercepted" while perpetrating the crime, despite the presence of this language in the two statutes defining the crime of attempt.[15] We are further encouraged by the fact California appellate courts have repeatedly accepted the principle that attempt is a lesser included offense of any completed crime.[16]

[14] *People v. Toledo, supra,* 26 Cal.4th at page 230.

[15] Penal Code sections 664 and 21a.

[16] See, e.g., *People v. Vargas, supra,* 96 Cal.App.4th 456 (attempted carjacking lesser included offense of carjacking); *People v. Jones, supra,* 75 Cal.App.4th 616 (attempted

We also are reinforced in our conclusion by the Legislature's enactment of Penal Code section 663 which specifically permits a defendant to be convicted of the crime of attempt even if it is proved he succeeded. Obviously designed to address the dilemma created when a defendant is charged only with an attempt but the evidence at trial shows his attempt succeeded rather than failed, this section also offers the trial court the option of not convicting for the attempt but instead allowing a new trial on the completed crime. Section 663 reads: "Any person *may be convicted of an attempt* to commit a crime, *although* it appears on the trial that *the crime intended or attempted was perpetrated* by such person in pursuance of such attempt, unless the Court, in its discretion, discharges the jury and directs such person to be tried for such crime."[17]

Section 663 remedied a problem in the common law which seemed to flow logically from the fact "failure" was an element of an attempt.[18] As one commentator explains: The crime of attempt is often defined as if failure were an essential element, and on this basis it has sometimes been held that proof of the completed crime requires reversal of an attempt to commit it."[19] The effect of section 663 is to treat failure as no longer an essential element when it comes to the practical question of whether a conviction of that offense can be sustained despite a lack of affirmative evidence proving failure, in fact when the evidence proves the opposite. Success or failure is the same, at least if the defendant was *charged* with an attempt. Prove either one, and the defendant can be convicted of an attempt.

Turning to the issue before this court, if either success or failure will support an attempt conviction, the absence of sufficient affirmative evidence proving which it was would appear to be irrelevant. Here there is no third alternative which would make appellant innocent of attempted criminal threat. Once there is proof beyond a reasonable doubt he intended to make a criminal threat and committed acts in furtherance of that intent, he either succeeded or failed in committing the intended crime. Either way he is guilty

---

carjacking lesser included offense of kidnapping during carjacking); *People v. Aguilar* (1989) 214 Cal.App.3d 1434, 1436 [263 Cal.Rptr. 314] (attempted burglary is lesser included offense of burglary); *People v. Splawn* (1985) 165 Cal.App.3d 553, 559 [211 Cal.Rptr. 638] (attempted insurance fraud is lesser included offense of insurance fraud).

[17] Penal Code section 663, italics added.

[18] "[T]he failure to commit the target crime is an essential element of an attempt. . . . If the target crime is in fact committed, there can be no conviction for attempt, since the actor's prior conduct is deemed merged in the completed crime." (4 Wharton's Criminal Law (15th ed. 1996) § 694.)

[19] 2 LaFave, Substantive Criminal Law (2d ed. 2003) section 11.5(c).

of the attempt under 663. So affirmative evidence proving beyond a reasonable doubt whether he succeeded or failed appears unnecessary and its absence no reason for acquitting appellant of the crime of attempted criminal threat.

Because we find all the other elements of an attempted criminal threat fully satisfied, and conclude the absence of proof appellant succeeded is sufficient to satisfy the "failure" element, we will modify the juvenile court's adjudication. We will lower it from a criminal threat to an attempted criminal threat, just as in a different context we might reduce a first degree murder conviction to second degree upon finding the evidence of premeditation insufficient but all the elements of second degree proved beyond a reasonable doubt.

## DISPOSITION

The true finding in count 2 that appellant committed the offense of criminal threat against Hugo Mejia is modified to a finding he committed the offense of attempted criminal threat against that victim. In all other respects the order under review is affirmed.

Perluss, P. J., and Zelon, J., concurred.