Filed 5/15/13  In re Christian L. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re CHRISTIAN L., <br><br> a Person Coming Under the Juvenile Court Law. | B238930 <br><br> (Los Angeles County <br> Super. Ct. No. VJ41601) |
| THE PEOPLE, <br><br>       Plaintiff and Respondent, <br><br> v. <br><br> CHRISTIAN L., <br><br>       Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip K. Mautino, Judge.  Reversed.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne and Baine P. Kerr, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Christian L. appeals from the juvenile court's order placing him on six months probation without wardship (Welf. & Inst. Code, § 725, subd. (a)).  Appellant contends the evidence is insufficient to support the finding he committed the misdemeanor offense of throwing a substance at a vehicle.  We agree and reverse.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Petition*

A petition filed pursuant to Welfare and Institutions Code section 602 alleging appellant, then 14 years old, had committed misdemeanor vandalism was amended by the People to allege a single count of throwing a substance at a vehicle in violation of Vehicle Code section 23110, subdivision (a), a misdemeanor.

### B. *The Jurisdiction Hearing*

At approximately 10:00 p.m. on June 27, 2011, Scott Dowling was inside his house in La Mirada, when he heard something strike his car, which was parked on the street.  Dowling went to the window and saw a Honda driving away towards the end of his street.  Seconds later, the Honda turned around and drove up next to Dowling's car.  Dowling then "saw eggs come out of the [Honda] . . . and hit [his] car."  Dowling ran outside and memorized the taillight configuration of the departing Honda so he could follow it in his car.  While driving around looking for the Honda, Dowling noticed broken eggs on the ground near parked cars.  Eventually Dowling saw a Honda on the street, recognized its taillight configuration and telephoned the Los Angeles County Sheriff's Department.

Deputy Diego Sanchez responded and pulled over the Honda.  Inside were approximately five people, including appellant.  Prior to interviewing appellant, Deputy

---

[1]    In view of this ruling, we need not reach appellant's remaining contentions on appeal.

2

Sanchez advised him of his right to remain silent, to the presence of an attorney and, if indigent, to appointed counsel. (*Miranda v. Arizona* (1966) 384 US. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694], which appellant waived. Appellant then told the deputy he was sitting in the middle of the backseat of the Honda, while his friends were throwing eggs at cars.

Deputy Sanchez searched the Honda and found approximately a dozen eggs in an egg carton.

At the conclusion of the People's presentation of evidence, appellant made a motion to dismiss (Welf. & Inst. Code § 701.1), which the juvenile court denied, mistakenly believing Deputy Sanchez testified that appellant had told him "we were throwing eggs at the vehicle."[2]

Appellant testified in his defense that after school, he was with his brother and his brother's friends. "We went to the store and they bought eggs." Appellant then rode in the backseat of the Honda, sitting between two passengers. Appellant denied having thrown any eggs.

At the conclusion of the hearing, the prosecutor argued the evidence established appellant either had personally been throwing eggs or had aided and abetted others in throwing eggs at Dowling's car. Defense counsel argued there was no evidence appellant had violated Vehicle Code section 23110, subdivision (a). After hearing argument, the juvenile court sustained the petition without comment.

## DISCUSSION

A. *Standard of Review*

The same standard governs review of the sufficiency of evidence in juvenile cases as in adult criminal cases: "[W]e review the whole record to determine whether any

---

[2] Because appellant is not directly challenging the juvenile court's denial of his motion to dismiss, we include the defense evidence, consisting solely of appellant's testimony, in our summary of the evidence.

rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict. [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; see *In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.).)

B. ***The Evidence is Insufficient to Support the Finding Appellant Violated Vehicle Code, Section 23110, Subdivision (a)***

Vehicle Code section 23110, subdivision (a), provides that "[a]ny person who throws any substance at a vehicle or any occupant thereof on a highway is guilty of a misdemeanor."

There is no doubt that appellant was a passenger in the Honda when the eggs were thrown at Dowling's car, and, when his testimony is considered, was in the store when the eggs were purchased earlier that day. However, apart from appellant's presence, there is absolutely nothing in the record from which the juvenile court could infer that appellant had been throwing eggs at Dowling's car. The testimony of Dowling, the single percipient witness, merely established that eggs were being tossed out of both sides of the Honda. There is no evidence as to whether the eggs were coming from the middle

4

of the back seat, where appellant was sitting, and/or the front seat of the car. Nor does Deputy Sanchez's recovery of a dozen eggs, purchased earlier, from somewhere inside the Honda suggest that appellant participated in throwing eggs at cars. Indeed, there is no evidence that appellant, himself, committed any criminal act.

Nor is there sufficient evidence appellant violated Vehicle Code section 23110, subdivision (a), on a theory of aider and abettor liability. A person aids and abets the commission of a robbery "when he or she, acting with (1) knowledge of the unlawful purpose of the perpetrator[,] and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advise aids, promotes, encourages or instigates, the commission of the crime." (*People v. Beeman* (1984) 35 Cal.3d 547, 561; see *People v. Perez* (2005) 35 Cal.4th 1219, 1225.) Neither mere presence when a crime is committed, nor failure to prevent it, is sufficient, although those factors, as well as companionship, conduct before and after the offense, and flight may be considered in determining a defendant's criminal responsibility. (*People v. Garcia* (2008) 168 Cal.App.4th 261, 272-273; *In re Juan G.* (2003) 112 Cal.App.4th 1, 5.)

The People argue appellant aided and abetted the commission of the crime by his presence when the eggs were purchased, his presence when the eggs were thrown, and the presence of eggs in the Honda. Even if it is reasonable to infer from this evidence that appellant knew the eggs were going to be thrown at cars, absent evidence that appellant encouraged or facilitated, let alone directly participated, in the offense, his knowledge alone is not enough. It is a matter of speculation whether appellant contributed anything to the actual egg throwing. In sum, if nothing else, this case is a paradigm of mere presence at the scene does not in and of itself constitute aiding and abetting. To permit a finding that appellant violated Vehicle Code section 23110, subdivision (a), based on aider and abettor liability would, in effect, support a finding of guilt by association.

While it is certainly possible appellant either threw eggs himself or aided and abetted others in throwing eggs, that is not enough. "'[R]easonableness [is] the ultimate standard under the substantial evidence rule. "The appellate court must determine

5

whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt." . . . [Citation.] "Evidence which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a conviction. Suspicion is not evidence, it merely raises a possibility, and this is not a sufficient basis for an inference of fact.""" (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 606-607.)

## DISPOSITION

The order is reversed.

JACKSON, J.

We concur:

PERLUSS, P. J.

WOODS, J.