Filed 7/23/13  P. v. Villasenor CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>AUGUSTINE VILLASEÑOR,<br><br>    Defendant and Appellant. | H037146<br>(Monterey County<br>Super. Ct. No. SS071733A) |

A jury convicted defendant Augustine Villaseñor of criminal threats (Pen. Code, § 422) against a minor victim.  Defendant admitted to serving a prior prison term (*id.*, § 667.5, subd. (b)) and his sentence was enhanced accordingly.  The trial court sentenced him to three years in prison.

On appeal, defendant claims that there is insufficient evidence that he committed the offense for which he was convicted because there is insufficient evidence that the minor victim heard his threat and "was frightened by it specifically."  He argues that his conviction by a jury under these circumstances violated his right to due process of law.  He contends, instead, that his conviction should be reduced to the lesser included offense of *attempted* criminal threats.

We find no due process violation and will affirm the judgment.

## FACTS

Defendant was furious with his ex-wife, who had two daughters, including 16-year-old K. and her sister T. K. and T. are defendant's stepdaughters. On May 20, 2007, K. was home, apparently alone, when defendant arrived at the house and started ransacking it. K., whom defendant had previously threatened in one or more phone calls, hid within the house, possibly inside a closet. She telephoned T. for help. T. and her mother, Y., were eating dinner at a neighbor's house around the corner. T. told Y. about K.'s call for help. Y. raced home, accompanied by three other adults, including neighbor Stephanie Mosqueda and Stephanie's mother, Jessica Penamente. Y. located K. and the two emerged from the house and stood in the driveway. At trial, Y. testified that K. "looked really scared."

Defendant eventually emerged from the garage, tossing objects about. According to Penamente's testimony, he yelled—at his ex-wife but in K.'s presence—that "[t]his is what I think about the F'ing kids." Penamente further testified that from a distance of approximately 15 feet, defendant said to K., "you [expletive] little [racial slur] bitch I'll get you." K. started crying and was in such a state of distress that Mosqueda testified she had "never seen her like that before." Penamente then put K. in her truck for her safety. When police officers arrived, they found K. distraught, appearing to be hyperventilating, and "[t]errified."

## DISCUSSION

As stated, defendant claims that there is insufficient evidence that he violated Penal Code section 422.

The criminal threats statute the jury found defendant to have violated requires that a threat uttered by the offender cause the victim to be "in sustained fear for his or her own safety." (Pen. Code, § 422.) Defendant argues that in the absence of any confirming testimony by K. that she heard defendant's statement "you [expletive] little [racial slur] bitch I'll get you," there is insufficient evidence that anything said by him placed her in

sustained fear. He acknowledges that K. was terrified generally by his ransacking the house and his furious behavior, but he argues that this misconduct, rather than his statement, accounted for her terrified state. As support for his argument, he relies on Y.'s testimony that K. was scared before defendant said anything. He admits that he attempted to place K. in sustained fear, but asserts that his conviction should be reduced to the lesser included offense of attempted violation of Penal Code section 422.

"In reviewing a criminal conviction challenged as lacking evidentiary support, ' "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' " (*People v. Streeter* (2012) 54 Cal.4th 205, 241.)

According to defendant, K. did not testify at trial. The People do not dispute this contention, and the record suggests that she did not testify. At one point the trial court granted defendant's motion to dismiss the charge involving K. on the ground that defendant would have no opportunity to confront her as a witness in court. But after the People filed a motion to reinstate the charge, asserting that confrontation guaranties did not apply in the circumstances of this case, the court reinstated the charge. In so doing, however, it did not state that K. would be testifying.

Even if K. did not testify at trial, there is sufficient evidence to uphold defendant's conviction. Defendant was in a furious state when he directed his threat to K., who was only about 15 feet away. A reasonable trier of fact could conclude from this circumstance that defendant intended that K. hear his threat. Furthermore, K. started to cry after the threat was made. From this evidence, a reasonable trier of fact could conclude that she heard the threat and was in sustained fear for her safety.

Defendant relies on *In re Sylvester C.* (2006) 137 Cal.App.4th 601, a case in which the alleged victim of similar conduct did not testify. In that case, the minor, Sylvester C.,

3

approached one of his victims, according to a witness who was not that victim, and said, "I am going to kill you." (*Id*. at p. 604.) In the absence of any testimony by the alleged victim, and because there was no evidence of a reaction to the alleged threat after the minor spoke, the court found insufficient evidence to support a violation of Penal Code section 422. It therefore reduced the adjudication to conduct constituting an attempt of that crime (*id*., § 664) under adult criminal law. (*Sylvester C*., at pp. 607-611.)

Here, in contrast, K. reacted to defendant's threat by starting to cry and showing signs of distress that, in the experience of Stephanie Mosqueda, were unprecedented—as noted, Mosqueda testified that she had "never seen her like that before." *In re Sylvester C*., *supra*, 137 Cal.App.4th 601, observed that "a percipient witness . . . could conceivably testify to having observed a person targeted by another's criminal threat actually experience[ ] sustained fear and, in so doing, supply sufficient evidence of the subjective element [i.e., the element of sustained fear]." (*Id*. at p. 606.) Here, a number of percipient witnesses testified about K.'s state of sustained fear upon hearing the threat, providing evidence that suffices to sustain defendant's conviction against his due process challenge.

## DISPOSITION

The judgment is affirmed.

4

_____
Márquez, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Bamattre-Manoukian, J.

5